

# Fourth Court of Appeals
## San Antonio, Texas

**MEMORANDUM OPINION**

No. 04-12-00193-CV

**MAROY INTERNATIONAL, INC.,**
Appellant

v.

Ruben and Vicky **CANTU**, Individually and d/b/a Twin City Motors,
Appellees

From the 111th Judicial District Court, Webb County, Texas
Trial Court No. 2009-CVF-001013-D2
Honorable Raul Vasquez, Judge Presiding[1]

Opinion by:    Patricia O. Alvarez, Justice

Sitting:       Catherine Stone, Chief Justice
               Sandee Bryan Marion, Justice
               Patricia O. Alvarez, Justice

Delivered and Filed:  March 20, 2013

AFFIRMED

Maroy International, Inc. appeals the trial court's order dismissing the underlying cause with prejudice. The trial court's dismissal was based on its enforcement of the parties' mediated settlement agreement. Maroy International contends the trial court erred in interpreting the agreement. We affirm the trial court's order.

---

[1] The Honorable Elma Teresa Salinas Ender presided over the hearing on the motion to enforce, verbally denied the motion, and granted a non-suit with prejudice. The Honorable Raul Vasquez presided over the hearing on the motion to reconsider and signed the written order denying both the motion to enforce and the motion to reconsider.

**BACKGROUND**

On August 24, 2010, Maroy International entered into a mediated settlement agreement with Ruben and Vicky Cantu, individually and d/b/a Twin City Motors. The terms of the agreement required the Cantus to pay Maroy International $40,000 as follows:

A.      $20,000 on or before 20 days from date hereof (Sept 13, 2010), and
B.      $20,000 on or before 40 days hereof (Oct 4, 2010).

The agreement further provided, "If such payments are not made, Defendant Ruben Cantu and Twin City Motors confesses [sic] judgment in the amount of $203,000.00." Finally, the agreement provided, "Upon full payment, Plaintiff will file a Non Suit with Prejudice against all Defendants."

The facts regarding the subsequent payments by the Cantus are undisputed. On September 14, 2010, the Cantus tendered a $20,000 cashier's check, which was negotiated. On October 12, 2010, the Cantus tendered an additional $5,500 cashier's check, which also was negotiated. On October 25, 2010, the Cantus tendered a third $3,500 cashier's check, which was not negotiated or returned. Finally, on November 8, 2010, the Cantus tendered an $11,000 cashier's check, which also was not negotiated or returned. Over six months after the Cantus tendered the final payment, on May 17, 2011, Maroy International filed a motion to enforce the mediated settlement agreement, asserting the Cantus did not comply with the agreement.

On June 9, 2011, the trial court held a hearing on the motion. Maroy International argued that the dates in the settlement agreement "were crucial and are important." The Cantus argued that the agreement required a non-suit with prejudice upon full payment, not upon full, "timely" payment, and full payment had been made. The trial court found that two payments were accepted late, and one of those payments varied from the amount stated in the agreement. The trial court further found that the final two payments were made by the Cantus but held by Maroy

International. The trial court concluded that the entire $40,000 had been paid, and a non-suit should be entered in compliance with the agreement.

On July 11, 2011, Maroy International filed a motion to reconsider. Maroy International again argued in its motion that the payment deadlines contained in the agreement were important. On October 11, 2011, a hearing was held on the motion to reconsider, and the same arguments were presented by the attorneys. On November 28, 2011, the trial court signed an order denying the motion to enforce and the motion to reconsider and ordering the cause to be dismissed with prejudice pursuant to the parties' mediated settlement agreement.

### STANDARD OF REVIEW

"'A settlement agreement is a contract, and its construction is governed by legal principles applicable to contracts generally.'" *Garza v. Villarreal*, 345 S.W.3d 473, 479 (Tex. App.—San Antonio 2011, pet. denied) (quoting *Donzis v. McLaughlin*, 981 S.W.2d 58, 61 (Tex. App.—San Antonio 1998, no pet.)). "Whether a party has breached a contract is a question of law for the court, not a question of fact for the jury, when the facts of the parties' conduct are undisputed or conclusively established." *Grohman v. Kahlig*, 318 S.W.3d 882, 887 (Tex. 2010). Similarly, "[w]aiver is ordinarily a question of fact, but when the surrounding facts and circumstances are undisputed, as in this case, the question becomes one of law." *Jernigan v. Langley*, 111 S.W.3d 153, 156–57 (Tex. 2003); *Spinks v. Brown*, 211 S.W.3d 374, 377 (Tex. App.—San Antonio 2006, no pet.) (quoting *Jernigan*). We review questions of law de novo. *Tawes v. Barnes*, 340 S.W.3d 419, 425 (Tex. 2011).

### TIME NOT OF THE ESSENCE

"For timely performance to be a material term of [a] contract, the contract must expressly make time of the essence or there must be something in the nature or purpose of the contract and the circumstances surrounding it making it apparent that the parties intended that time be of the

essence." *Deep Mines, Inc. v. McAfee, Inc.*, 246 S.W.3d 842, 846 (Tex. App.—Dallas 2008, no pet.); *see also Breof BNK Tex., L.P. v. D.H. Hill Advisors, Inc.*, 370 S.W.3d 58, 64 (Tex. App.—Houston [14th Dist.] 2012, no pet.). "Ordinarily, time is not of the essence, and a date stated for performance does not mean time is of the essence." *Breof BNK Tex., L.P.*, 370 S.W.3d at 64; *see also Municipal-Admin. Servs., Inc. v. City of Beaumont*, 969 S.W.2d 31, 36 (Tex. App.—Texarkana 1998, no pet.); *Shaw v. Kennedy, Ltd.*, 879 S.W.2d 240, 246 (Tex. App.—Amarillo 1994, no writ). "Unless the contract expressly makes time of the essence, the issue is a fact question." *Breof BNK Tex., L.P.*, 370 S.W.3d at 64. In this case, the trial court was the trier of fact. Moreover, because the facts are undisputed, whether time is of the essence becomes a question of law. *See Herber v. Sanders*, 336 S.W.2d 783, 784–85 (Tex. Civ. App.—Amarillo 1960, no writ); *Dayvault & Newsome v. Townsend*, 244 S.W. 1108, 1110 (Tex. Civ. App.—Dallas 1922, no writ).

In the instant case, the parties' agreement did not expressly make time of the essence. Moreover, the mere fact that the agreement related to a settlement does not make time of the essence. *See Consumer Portfolio Servs., Inc. v. Obregon*, No. 13-09-00548-CV, 2010 WL 4361765, at *6–7 (Tex. App.—Corpus Christi Nov. 4, 2010, no pet.) (analyzing whether time was of the essence in a settlement agreement) (mem. op.); *Deep Mines, Inc.*, 246 S.W.3d at 846 (same). Furthermore, no evidence was presented that the parties intended for time to be of the essence given the nature or purpose of the contract and the circumstances surrounding it. *See Kennedy Ship & Repair, L.P. v. Pham*, 210 S.W.3d 11, 20 (Tex. App.—Houston [14th Dist.] 2006, no pet.) ("acceptance of late performance may indicate that it was not intended that time be of the essence"). Finally, the agreement expressly provided that a non-suit with prejudice would be entered "[u]pon full payment" without any requirement that such payments be made timely or by the specified dates. Accordingly, the agreement did not make payment by the stated dates a

material term of the contract. Since the Cantus made full payment under the terms of the agreement, the trial court did not err in dismissing the underlying cause with prejudice.

## WAIVER

Even if this court had determined that time was of the essence in the parties' agreement, the Cantus correctly assert that Maroy International's actions would have waived that requirement. "Even where the terms of a contract express that time is of the essence, the stipulated time may be extended either by agreement or by waiver." *Stevenson v. Adams*, 640 S.W.2d 681, 684 (Tex. App.—Houston [14th Dist.] 1982, writ ref'd n.r.e.); *see also Laredo Hides Co. v. H & H Meat Prods. Co.*, 513 S.W.2d 210, 217–18 (Tex. Civ. App.—Corpus Christi 1974, writ ref'd n.r.e.). In other words, a time of the essence provision may be waived. *Kennedy Ship & Repair, L.P.*, 210 S.W.3d at 20; *17090 Parkway, Ltd. v. McDavid*, 80 S.W.3d 252, 255 (Tex. App.—Dallas 2002, pet. denied). "A waiver of time of performance of a contract will result from any act that induces the opposite party to believe that exact performance within the time designated in the contract will not be insisted upon." *Kennedy Ship & Repair, L.P.*, 210 S.W.3d at 20 (quoting *Laredo Hides Co.*, 513 S.W.2d at 218).

In this case, Maroy International accepted two late payments, one of which also varied from the amount of the payment to be made. Moreover, Maroy International retained two additional cashier's checks, which the Cantus tendered for the remaining balance owed, for over six months before taking any action thereon. Therefore, the trial court could have determined that Maroy International waived the provisions in the agreement setting forth the date and amount of each payment to be made based on its actions. This determination would also have supported the trial court's dismissal of the underlying cause.

## CONCLUSION

The trial court's order is affirmed.

Patricia O. Alvarez, Justice