ACCEPTED
01-14-00317-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
2/12/2015 11:18:16 AM
CHRISTOPHER PRINE
CLERK

# No. 01-14-00317-CV

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
2/12/2015 11:18:16 AM
CHRISTOPHER A. PRINE
Clerk

IN THE FIRST COURT OF APPEALS
HOUSTON, TEXAS

PELCO CONSTRUCTION CO.,

APPELLANT,

V.

CHAMBERS COUNTY, TEXAS, ET AL.,

APPELLEES.

ON APPEAL FROM THE 344TH JUDICIAL DISTRICT COURT
CHAMBERS COUNTY, TEXAS
TRIAL COURT CAUSE NO. CV26356

## APPELLANT'S REPLY TO CHAMBERS COUNTY'S APPELLEE'S BRIEF

Daryl L. Moore
DARYL L. MOORE, P.C.
State Bar No. 14327420
1005 Heights Boulevard
Houston, Texas 77008
Telephone: 713.529.0048
Facsimile: 713.529.2498
Email: daryl@heightslaw.com

*Counsel for Appellant,*
*Pelco Construction Company*

## TABLE OF CONTENTS

INDEX OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

SUMMARY OF REPLY. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

REPLY. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

I.    **None of the trial court's summary judgments can be sustained.**. . . . . . . 2

    A.    If Chambers County materially breached first, then Pelco was discharged from further performance and could not have breached the parties' agreement.. . . . . . . . . . . . . . . . . . . . . . . 2

    B.    The order upon which Chambers County relies is not the error about which Pelco complains and will not independently support the trial court's judgment.. . . . . . . . . . . . . . 4

II.   **As the trial court stated on the record, Chambers County's evidence did not conclusively establish any amount of damages the jury was required to accept.**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

    A.    The jury was not required to accept Chambers County's witnesses' testimony as conclusive.. . . . . . . . . . . . . . . . . . . . . . 9

    B.    Pelco offered controverting evidence regarding the reasonableness of Chambers County's damages.. . . . . . . . . . . . . . 11

PRAYER. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

CERTIFICATE OF COMPLIANCE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

# INDEX OF AUTHORITIES

**Cases**                                                                                  **Page**

*Binur v. Jacobo*, 135 S.W.3d 646
  (Tex. 2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Carlton Energy Group, LLC v. Phillips*, 369 S.W.3d 433
  (Tex.App.–Houston [1st Dist.] 2012, pet. granted). . . . . . . . . . . . . . . . . . . 13

*Carrasco v. F&D Group, Inc.,* 2007 WL 4244204
  (Tex.App.–San Antonio 2007, no pet.). . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 13

*City of Keller v. Wilson*, 168 S.W.3d 802
  (Tex. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Deep Nines, Inc. v. McAfee, Inc.*, 246 S.W.3d 842
  (Tex.App.–Dallas 2008, no pet.). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 8

*DeLeon v. DSD Dev't, Inc.,* 2006 WL 2506743
  (Tex.App.–Houston [1st Dist.] 2006, pet. denied). . . . . . . . . . . . . . . . . . . . . 7

*Golden Eagle Archery v. Jackson*, 116 S.W.3d 757
  (Tex. 2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Grant v. Laughlin Environmental*, 2009 WL 793638
  (Tex.App.–Houston [1st Dist.] 2009, pet. denied). . . . . . . . . . . . . . . . . . . . . 3

*Gulf Liquids New River Project, LLC v. Gulsby Eng'g, Inc.*, 356 S.W.3d 54
  (Tex.App.–Houston [1st Dist.] 2011, no pet.). . . . . . . . . . . . . . . . . . . . . . . 2, 8

*Mustang Pipeline Co. v. Driver Pipeline Co.*, 134 S.W.3d 195
  (Tex. 2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 8, 12

*New York Party Shuttle, LLC v. Bilello*, 414 S.W.3d 206
  (Tex.App.–Houston [1st Dist.] 2013, pet. denied). . . . . . . . . . . . . . . . 2-3, 7-8

*Primo v. Rothenberg*, 2015 WL 452200
 (Tex.App.–Houston [14th Dist.] Jan. 27, 2015, no pet. h.). . . . . . . . . . . . . . . 6

*Torrington v. Stutzman*, 46 S.W.3d 829
 (Tex. 2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

## SUMMARY OF REPLY

Unable to defend the trial court's summary-judgment rulings on the merits, Chambers County attempts to sustain the summary judgments on procedural grounds. But, as demonstrated below, the trial court erred in determining that Chambers County's falling short on its contractual allegations did not constitute a material breach. That error is fatal to Chambers County's argument because — if Chambers County materially breached first — Pelco was discharged from further performance and could not have breached the parties' agreement.

With regard to the trial court's setting aside the jury's damage finding and entering judgment NOV, Chambers County argues: (1) it conclusively established a damage amount that the trial court explicitly disagreed with on the record; and (2) the jury was required to accept Chambers County's damage calculation when the evidence about whether Chambers County's damages were reasonable, necessary, and were caused by Pelco was hotly disputed.

As demonstrated below and in Appellant's Brief, errors in the trial court's judgment require reversal.

## I. None of the trial court's summary judgments can be sustained.

In its brief, Chambers County makes two arguments in an attempt to defend the trial court's summary disposition of the liability issue:

(1) Pelco didn't respond to Chambers County's second motion for summary judgment. CHAMBERS COUNTY'S BRIEF at p. 20-21; and

(2) the trial court properly granted summary judgment on Chambers County's breach-of-contract claim because Pelco had no right to terminate the agreement. CHAMBERS COUNTY'S BRIEF at p. 22-23.

As demonstrated below, neither of those arguments will sustain the trial court's judgment.

### A. If Chambers County materially breached first, then Pelco was discharged from further performance and could not have breached the parties' agreement.

As this Court has expressly held, an owner's refusal to pay for contracted work constitutes a material breach that relieves the contractor from further performance. *Gulf Liquids New River Project, LLC v. Gulsby Eng'g, Inc.*, 356 S.W.3d 54, 66-67 (Tex.App.–Houston [1ˢᵗ Dist.] 2011, no pet.). And, as this Court further held, "the failure to make a ***complete*** payment when due under a contract may constitute a material breach." *New York Party Shuttle, LLC v. Bilello*, 414 S.W.3d 206, 215 n. 1

(Tex.App.–Houston [1ˢᵗ Dist.] 2013, pet. denied) (emphasis added) (citing *Deep Nines, Inc. v. McAfee, Inc.*, 246 S.W.3d 842, 846 (Tex.App.-Dallas 2008, no pet.).

It is undisputed that Chambers County did not make complete payments due under the contract, but made two incomplete payments and refused to make a third payment altogether. 2CR1009; 2CR1014; 3CR1484. It is further undisputed that Chambers County's two incomplete payments ***preceded*** Pelco's alleged breach of December 14, 2010, the date Pelco sent a termination letter to Chambers County. 2CR1009 (incomplete payment on 11/3/10); 2CR1014 (incomplete payment on 12/8/10).

Because Chambers County materially breached first, Pelco could not have breached the parties' contract. *Mustang Pipeline Co. v. Driver Pipeline Co.*, 134 S.W.3d 195, 196 (Tex. 2004); *Grant v. Laughlin Environmental*, No. 01-07-00227-CV, 2009 WL 793638, *9 (Tex.App.–Houston [1ˢᵗ Dist.] March 26, 2009, pet. denied) (not designated for publication) (Mem. Op. On Reh'g). Thus, none of the trial court's summary judgment orders declaring Pelco to be in breach will support the trial court's judgment.

B.      The order upon which Chambers County relies is not the error about which Pelco complains and will not independently support the trial court's judgment.

As demonstrated in Pelco's opening brief, the trial court signed a series of summary-judgment orders in this case. PELCO'S BRIEF at p. x (Statement of the Case). Critically, the trial court granted Chambers County's No-Evidence and Traditional Partial Motion for Summary Judgment on November 22, 2013. 7CR4258. In that motion, Chambers County asserted there was no evidence that it had breached the parties' agreement. 6CR3687, 3690 ("no evidence Chambers County breached the Contract in any other regard").

In its response to Chambers County's motion, Pelco argued it had created a fact issue that precluded summary judgment on its affirmative claims for relief. 7CR3950. Specifically, Pelco asserted there was a fact issue regarding:

*      whether Chambers County breached the parties' agreement by withholding retainage from funds owed to Pelco. 7CR3948-49, 3956, 3960;

*      whether Chambers County breached the parties' agreement by not making full and timely payments to Pelco. 7CR3950-56.

In granting summary judgment, the trial court: (1) dismissed Pelco's breach-of-contract claims with prejudice; and (2) dismissed Pelco's Prompt Payment Act claim

-4-

with prejudice. 7CR4258. Thus, in considering Chambers County's motion and Pelco's response, and then granting summary judgment dismissing Pelco's claims, the trial court necessarily adjudicated as a matter of law that Chambers County had not breached the parties agreement. *Id.*

After obtaining summary judgment on Pelco's claims, Chambers County then filed another motion for summary judgment. CR3533. In that motion, Chambers County asserted that Pelco was not entitled to terminate the contract because of Chambers County's alleged material breach. 6CR3536, 3546. As support for that argument, Chambers County asserted that it did not breach the contract and — that if it did breach — its breach was not material. 6CR3550. Chambers County asked that the Court enter judgment in Chambers County's favor by holding Pelco breached the contract by terminating and refusing to perform. *Id.*

On December 4, 2013, the trial court granted Chambers County's motion for summary judgment on its breach-of-contract claim and against Pelco for wrongfully terminating the contract. 7CR4366. Chambers County argues that, because Pelco did not file a timely response to that second motion for summary judgment, the trial court's order granting that motion independently supports the trial court's judgment. That order, however, will not support the trial court's judgment for several reasons.

First, the trial court concluded in its first order of November 22, 2013, that —

as a matter of law — Chambers County had not materially breached the parties

agreement. Thus, the trial court's error of which Pelco complains on appeal is the

improper granting of that summary judgment, *i.e.*, in determining Chambers County

did not materially breach the parties' agreement. The second summary judgment,

which Chambers County attempts to rely upon to sustain the trial court's judgment,

is of no consequence because the error of which Pelco complains had already

occurred. *See Primo v. Rothenberg*, No. 14-13-00794-CV, 2015 WL 452200, **21-

23 (Tex.App.–Houston [14th Dist.] Jan. 27, 2015, no pet. h.) (Mem. Op.) (failure to

attack second sanction order that reconfirmed first sanction order of no consequence

because "re-hanging an already hung litigant" does not fix error).

Second, as demonstrated above, the issue is not whether Pelco properly

terminated, but whether Chambers County materially breached the parties' agreement

***before*** Pelco's alleged wrongful termination. If Chambers County breached first,

then Pelco was excused from further performance and the issue of Pelco's alleged

wrongful termination is irrelevant to the disposition of the appeal.

And, third, even if Chambers County's second motion for summary judgment

asserted an independent ground that would support a summary judgment, Pelco was

not required to file a response because Chambers County's own motion for summary

judgment demonstrates the existence of a fact issue that precluded summary judgment.

Chambers County's second motion was a combined no-evidence and traditional motion. CR3533. Chambers County attached evidence to its combined motion. CR3550-51. Even absent a response, if Chambers County's evidence creates a fact issue, then the trial court's grant of summary judgment was error. *See Binur v. Jacobo*, 135 S.W.3d 646, 651 (Tex. 2004); *DeLeon v. DSD Dev't, Inc.*, No. 01-03-00806-CV, 2006 WL 2506743, *5 n. 7 (Tex.App.–Houston [1ˢᵗ Dist.] 2006, pet. denied) (not designated for publication) (Mem. Op.).

Here, Chambers County's own evidence creates a fact issue regarding whether it materially breached the agreement. Specifically, Chambers County attached the parties' agreement, which contains the contractual provisions at issue. 6CR3620-56. Chambers County also attached evidence that reflected that it withheld retainage funds and made only incomplete payments. 6CR3564, 3567-68, 3589-90, 3601, 3610, 3658. Thus, Chambers County's own evidence creates a fact issue regarding whether it materially breached the parties' agreement by making incomplete payments without a contractual basis for doing so. *See Bilello*, 414 S.W.3d at 215 n.1.[1/]

---

[1/] In its brief, Pelco cited several Texas cases, including cases from this Court, which state that one party's refusal to fully and timely pay may constitute a material breach
(continued...)

-7-

The trial court acknowledged that Chambers County "fell a little short" in "meeting its contractual obligations. . ." 7CR4365. But, the trial court erred in determining as a matter of law that Chambers County's breach was not material, and then in refusing to submit the issue of material breach to the jury. 8CR4906; 6RR12, 27-28.

As a matter of law, Chambers County materially breached the parties' contract *before* Pelco's alleged breach of December 14, 2010, when Pelco sent a termination letter citing the provisions of Article 14.1. Because Chambers County materially breached first, Pelco could not have breached the parties' contract. *Mustang*, 134 S.W.3d at 200. Thus, the trial court erred in granting Chambers County's first motion for summary judgment and in denying Pelco's. This Court should therefore reverse and render judgment in Pelco's favor on its breach-of-contract and Prompt-Payment claims, and remand for a trial on damages and attorney's fees.

Alternatively, at a minimum, a fact issue exists about whether Chambers County's failure to timely and fully pay constituted a prior material breach that

---

[1]/(...continued) that discharges the other party from further performance. *Gulf Liquids New River Project, LLC v. Gulsby Eng'g, Inc.*, 356 S.W.3d 54 (Tex.App.–Houston [1st Dist.] 2011, no pet.); *Deep Nine, Inc. v. McAfee, Inc.*, 246 S.W.3d 842 (Tex.App.–Dallas 2008, no pet.), and *Bilello, 414 S.W.3d 206.* Chambers County does not cite or address any of those holdings, choosing instead to cite out-of-state cases, which are neither binding nor controlling authority. CHAMBERS COUNTY'S BRIEF at p. 31-34.

excused Pelco's performance. The trial court therefore erred in granting summary judgment and in refusing to submit the question of Chambers County's material breach to the jury. 8CR4906; 6RR12, 27-28. Thus, alternatively, this Court should reverse and remand for a trial on the merits.

**II.    As the trial court stated on the record, Chambers County's evidence did not conclusively establish any amount the jury was required to accept.**

As demonstrated in Pelco's brief, when Chambers County's lawyer asserted the evidence conclusively established $404,179.31 in damages, the trial court expressly disagreed. 9RR11. The trial court then articulated how — under the charge given — the jury could have rejected Chambers County's damage model and chosen another number. 9RR12. In its brief, Chambers County simply ignores this portion of the record and argues instead: (1) the jury was required to accept its witnesses' self-serving testimony; and (2) Pelco did not challenge the reasonableness of Chambers County's damages. Neither argument will sustain the trial court's setting aside the jury's damage finding and entering judgment NOV.

A.    <u>The jury was not required to accept Chambers County's witnesses' testimony as conclusive.</u>

Chambers County asserts that the jury was required to accept as conclusive the self-serving testimony of its four witnesses: (1) Brandon, the Chambers County Engineer; (2) Hall, another Chambers County engineer; (3) McDowell, the

replacement contractor who testified that his own company's charges were reasonable; and (4) Hirshman, a defendant architect, who provided self-serving testimony that his own architect/engineering fees were reasonable. CHAMBERS COUNTY'S BRIEF at p. 44-45.

Of course, the jury was not required to accept the testimony of any of those witnesses. *Golden Eagle Archery, Inc. v. Jackson*, 116 S.W.3d 757, 761 (Tex. 2003). Rather, the jury was free not to believe some or all of their testimony. *City of Keller v. Wilson*, 168 S.W.3d 802, 819-20 (Tex. 2005). The jury's damage finding reveals that it did not believe all of Chambers County's witnesses, which is entirely proper.

Moreover, none of Chambers County's witnesses offered any testimony that conclusively established that the $838,683.80 Arnold Construction charged for completing the firehouse was reasonable and necessary. For example, the jury heard evidence that Chambers County accepted Arnold Construction's bid of $781,105.15 — which was considerably larger than Pelco's initial $565,000 bid — to complete work on a job for which $130,000 of work had already been done. 6RR80, 111. In the face of this evidence, the jury was not required simply to accept Chambers County's assertion that its proposed completion damages were reasonable and necessary. *City of Keller*, 168 S.W.3d at 819-20.

B.   Pelco offered controverting evidence regarding the reasonableness of Chambers County's damages.

By the end of October, when Chambers County suspended work, 30%-40% of the work had been done.  7RR19.  Pelco was ready to pour the slab when Chambers County directed Pelco to cease all construction. 7RR21-22.  Specifically, on October 28th, Chambers County directed Pelco to "cease all work until further notified." 7RR80, 96.  Thus, Pelco could do nothing because it was told to leave the site.  *Id.* 7RR22.

Moreover, the jury heard evidence that, after ordering Pelco off the site, Chambers County left the site unprotected and caused damage to the site.  7RR78-91. Chambers County's own witnesses acknowledged the impact of the stoppage on the project.

Specifically, Gene McDowell of Arnold Construction testified "the dirt inside the chain walls was level full with vegetation grown on top."  6RR128.  The deterioration of the site required additional work by Arnold to complete the slab work that Pelco had been ordered not to perform.  6RR133-34, 136-37, 142.  And, Mr. McDowell acknowledged that "there was a deviation inside the slab that Chambers County decided to do. . ." that required additional work.  6RR131.

-11-

This evidence goes directly to the issue of whether Chambers County's completion costs were "reasonable and necessary," and whether they resulted from Pelco's conduct or Chambers County's.

The trial court acknowledged after the verdict that, based upon the charge and this conflicting evidence, it was within the province of the jury to determine who caused Chambers County's damages and whether they were reasonable. 9RR12. But, after acknowledging that it was the jury's role to decide what amount of damages – if any[2] – Chambers County suffered, the trial court then disregarded the jury's damage finding, substituted its own judgment for the jury's, and chose a number that was *not* conclusively established by the evidence.

The jury however was not required to accept Chambers County's damage model and award it the $404,179.31. Rather, the jury could properly have awarded Chambers County nothing. *See Mustang*, 134 S.W.3d at 210. Indeed, that is precisely what the jury did in *Carrasco v. F&D Group, Inc.*, No. 04-06-00529-CV, 2007 WL 4244204, *5 (Tex.App.–San Antonio 2007, no pet) (Mem. Op.) (Not designated for publication). And, in *Carrasco* the San Antonio Court of Appeals affirmed the jury's zero damage award, agreeing that the fact that money spent to

---

[2]    9RR7.

complete a project did not compel the conclusion that the expenditures were reasonable and necessary.[3/] 2007 WL 4244204, at *6.

Finally, the Court need look no further than Chambers County's own brief to conclude that Chambers County has not conclusively established damages in the amount of $404,179.31 as a matter of law. Specifically, Chambers County asks that, if the Court disagrees with Chambers County's argument, it suggest a remittitur of damages to $305,074.16. CHAMBERS COUNTY'S BRIEF at p. 58 n. 17.

Chambers County cannot have it both ways: the evidence cannot conclusively establish $404,179.31 and also support an award of $305,074.16. If the Court sustains Pelco's point, it should not substitute its judgment for the jury's and suggest a remittitur, but should render the judgment the trial court should have rendered. *See Carlton Energy Group, LLC v. Phillips*, 369 S.W.3d 433, 447 (Tex.App.–Houston [1st Dist.] 2012, pet. granted); *see also Torrington Co. v. Stutzman*, 46 S.W.3d 829, 851 (Tex. 2000) ("[A]n appellate court may not order a remittitur unless the evidence supporting damages is factually insufficient.").

---

[3/] Although Pelco cited *Carrasco* in its opening brief because it is persuasive, Chambers County does not address it or attempt to distinguish it in its brief.

## PRAYER

For the reasons stated here and in Pelco's opening brief, the Court should reverse and render judgment in Pelco's favor and, alternatively, reverse and remand for a new trial, or reverse and render judgment on the jury's verdict. Additionally, the Court should reverse and remand for a new trial Pelco's misrepresentation claims.

Finally, if the Court reverses the trial court's judgment and renders judgment on the jury verdict, it should also reverse and remand the attorneys' fee award for a new trial.

Pelco prays for this and all further relief to which it may be entitled.

Respectfully submitted,

DARYL L. MOORE, P.C.

BY:  /s/ *Daryl L. Moore*
        Daryl L. Moore
        State Bar No. 14327420
        1005 Heights Boulevard
        Houston, Texas 77008
        Telephone: 713/529-0048
        Facsimile: 713/529-2498
        Email: daryl@heightslaw.com

        ***Attorney on appeal for Appellant,***
        ***Pelco Construction***

## CERTIFICATE OF COMPLIANCE

Relying on the word count function in the word processing software used to produce this document, I certify that the number of words in this Appellant's Reply Brief, excluding the parts listed in TRAP Rule 9.4(i)(1), is **2,732**.

This brief complies with the typeface requirements of TRAP 9.4(e) because it uses a conventional typeface no smaller than 14-point (WordPerfect X6 14-point Times New Roman).

/s/ *Daryl L. Moore*

Daryl L. Moore

## CERTIFICATE OF SERVICE

On February 12, 2014, I sent a true and correct copy of the foregoing *Reply to Appellee Chambers County's Brief* via electronic filing to the following:

Nathan M. Brandimarte
ORGAIN BELL & TUCKER, LLP
470 Orleans Street
Beaumont, Texas 77704-1751
(*Attorney for Appellee, Chambers County*)

Robert E. Booth
Mills Shirley, L.L.P.
2228 Mechanic St., Ste. 400
Galveston, Texas 77550
(*Attorney for Appellees, the Amundsons*)

/s/ *Daryl L. Moore*

Daryl L. Moore