ACCEPTED
03-15-00261-CV
7444101
THIRD COURT OF APPEALS
AUSTIN, TEXAS
10/19/2015 10:25:22 PM
JEFFREY D. KYLE
CLERK

NO. 03-15-00261-CV

In the Third Court of Appeals

Austin, Texas

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
10/19/2015 10:25:22 PM
JEFFREY D. KYLE
Clerk

**DAVID YOUNG,** *APPELLANT*

*v.*

**JP MORGAN CHASE BANK,** *APPELLEE*

APPEAL FROM CAUSE NO. D-1-GN-12-000590
126TH DISTRICT COURT OF TRAVIS COUNTY, TEXAS
HON. DARLENE BYRNE PRESIDING

**APPELLANT'S REPLY BRIEF**

Stephen Casey
Texas Bar No. 24065015

CASEY LAW OFFICE, P.C.
595 Round Rock West Drive
Suite 102
Round Rock, Texas 78681
Telephone: 512-257-1324
Fax: 512-853-4098
stephen@caseylawoffice.us

*Counsel for Appellant*
*David Young*

**ORAL
ARGUMENT
CONDITIONALLY
REQUESTED**

i

# TABLE OF CONTENTS

**INDEX OF AUTHORITIES**..............................................................................**iv**

**REPLY ISSUE PRESENTED** ........................................................................ 1

    1.   Texas law is clear: when a contract does not expressly provide time is of the essence, the issue of whether time was of the essence is a fact issue requiring trial. Should the case be reversed to determine this fact issue? (responsive to Appellee's Issue 2)........................................................................**1**

    2.   This Court recently held that settlement agreements are interpreted in their entirety. Should this Court permit a contingent manner of recover under the settlement agreement to proceed when the condition precedent was caused by Appellee's unclean hands? (responsive to Appellee's Issue 1) ........................**1**

    3.   The equities of this situation, in light of Appellee's unclean hands, favor Young; he should not lose his homestead on a technicality. (responsive to Appellee's Issue 3) ..............................................**1**

**REPLY ARGUMENT** ................................................................................. 1

    1.   Because time was not of the essence, and never expressly stated in the contract, this Court should not change the law of this district to accommodate Appellee; rather, based on the "settled" law of Texas, this case should be remanded for trial. .................... 1

    2.   This Court should not permit the contingency under the settlement agreement (forced sale) to proceed when the failure of payment, the condition precedent to pursuing the remaining claims, was caused by Appellee's unclean hands. .......................... 5

    3.   Homesteads are strongly protected in Texas; Young should not lose his homestead on a technicality by Appellee's failure to do a further act contemplated by the agreement. ............................... 6

**CONCLUSION** .............................................................................. 8

**CERTIFICATE OF COMPLIANCE** ................................................................. 9

**CERTIFICATE OF SERVICE** ......................................................................... 9

# INDEX OF AUTHORITIES

## Cases

*20801, Inc. v. Parker,*
249 S.W.3d 392 (Tex. 2008).................................................................. 8

*Centex Corp. v. Dalton,*
840 S.W.2d 952 (Tex. 1992)................................................................. 6

*Deep Nines, Inc. v. McAfee, Inc.,*
246 S.W.3d 842 (Tex. App.—Dallas 2008, no pet)................................... 3, 4

*Fin. Comm'n of Tex. v. Norwood,*
418 S.W.3d 566 (Tex. 2013)................................................................. 7

*In re Escarent,*
423 F. Appx. 462 (5th Cir. 2011)........................................................... 4, 5

*In re Francis,*
186 S.W.3d 534 (Tex. 2006).................................................................. 6

*Lockhart-Hutchens v. Bergstrom,*
434 S.W.2d 453 (Tex. Civ. App.—Austin 1968, writ ref's
n.r.e.)................................................................................................ 1

*Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding,*
289 S.W.3d 844 (Tex. 2009)................................................................. 8

*Pearcy v. Environmental Conservancy of Austin and Cent. Texas, Inc.,*
814 S.W.2d 243 (Tex. App.—Austin 1991, writ denied). ........................... 6

*Taylor Milling Co. v. Am. Bag Co.,*
230 S.W. 782 (Tex. Civ. App.—Austin 1921, n.w.h.)................................. 2

## REPLY ISSUE PRESENTED

1.      **Texas law is clear: when a contract does not expressly provide time is of the essence, the issue of whether time was of the essence is a fact issue requiring trial. Should the case be reversed to determine this fact issue? (responsive to Appellee's Issue 2)**

2.      **This Court recently held that settlement agreements are interpreted in their entirety. Should this Court permit a *contingent manner of recover* under the settlement agreement to proceed when the condition precedent was caused by Appellee's unclean hands? (responsive to Appellee's Issue 1)**

3.      **The equities of this situation, in light of Appellee's unclean hands, favor Young; he should not lose his homestead on a technicality. (responsive to Appellee's Issue 3)**


## REPLY ARGUMENT

1.      **Because time was not of the essence, and never expressly stated in the contract, this Court should not change the law of this district to accommodate Appellee; rather, based on the "settled" law of Texas, this case should be remanded for trial.**

Appellee has failed to cite the conclusive rule, which this Court stated was "settled" Texas law: "time is not of the essence in a land conveyance contract "in which the purchase money is to be paid at a future date." *Lockhart-Hutchens v. Bergstrom*, 434 S.W.2d 453, 456 (Tex. Civ. App.—Austin 1968, writ ref's n.r.e.). Further, because the contract does not expressly state whether time is of the essence, that question is a fact issue to be determined by the jury unless the facts surrounding the contract clearly manifest such an intent. *Id.*

1

That rule, including the second part ("unless the facts surrounding the contract clearly manifest such an intent") was first stated by this Court in 1921. *See Taylor Milling Co. v. Am. Bag Co.*, 230 S.W. 782 (Tex. Civ. App.—Austin 1921, n.w.h.). In *Taylor Milling Company*, the reason this court stated the second part of the rule is explained:

> Such would be the case in a contract to deliver cotton or wheat, or any article of which there was a constantly fluctuating market, ascertainable by established market quotations. The modern tendency is to hold that time is not of the essence of a contract, except under the circumstances above stated

*Id.* at 784.

Here, the property in dispute is realty, not personalty. The property was not subject to the fluctuations and speculations of a market identified in *Taylor Milling Company*. Appellee has failed to investigate and explain the law and the origins of this part of the law. All Appellee states is its own *ipse dixit*, that the date was 'material' and that to ignore timely performance makes the term 'meaningless.' *See* Br. Ap'ee at 14.

Why is this important? First, even by the agreements own terms, the suit would conclude, both on the court documents and the payout, at some undefined time in the future:

- Dismissal documents in the suit could be filed at an indefinite time in the future. *See* CR.221 at ¶ 1.2 ("Within fourteen (14) days of fully executing this Agreement, the Lawsuit will be abated until August 1,

2

2014, ***or until dismissal documents are filed with the Court***.”);

- Payment of the sales proceeds would be held by the title company until it had received exchanged/signed copies of dismissal documents. *See Id.* at ¶ 1.2.1 (documents, once signed, were to be sent “to the designated title company to hold in trust until payment of the Settlement Funds.”).

At no point is this situation like that contemplated by this Court’s case law, where a rapidly shifting market might harm the party by receiving funds a few days later.

Appellee ignores the analytical basis of this reasoning, instead trying an end run by citing to the Dallas Court of Appeals, *Deep Nines, Inc. v. McAfee, Inc.*, 246 S.W.3d 842 (Tex. App.—Dallas 2008, no pet), which is not in accord with this Court’s own statements of the law. The basis for *Deep Nines* decision arises from factors in that opinion clearly not present here:

- Payments made by 5:00 pm of the due date;
- Failure to provide such payments followed by written notice from the creditor via “receipted courier”; and
- Three business days after notice is received to cure. *Id.* at 844.

The *Deep Nines* court even expressly stated in its opinion that these additional

conditions—written notice, an opportunity to cure, and then a subsequent default—three conditions not present here, informed its decision. *Id.* at 844, 846. The instant case has no other date other than August 1. There are no cure issues, notice issues, nor any other relevant time period that would cause identifiable harm to the parties. *Deep Nines* is not analogous, but distinguishable.

Finding no other supporting authority in Texas, Appellee reaches to federal law, *In re Escarent*, 423 F. Appx. 462 (5th Cir. 2011), but fares no better. *Escarent* is distinguishable for several reasons.

- First, the *Escarent* court expressly referenced the multiple provisions, dates, cure periods of *Deep Nines* also references, and again, those are situations not present here. *Id.* at 465-66.

- Second, the *Escarent* court expressly identified multiple interworking parts of the contract—various dates that "worked in tandem"—that could not happen if time were not of the essence. *Id.* at 466. Nothing in the instant settlement agreement is contingent upon the date of payment, a date that is present in nearly every case dealing with time being of the essence.

- Third, the dispute is over a court order in bankruptcy court that extended multiple option periods, a feasibility period, options, and funding arrangements. *Id.* Those are not present here.

4

- Fourth, the default in *Escarant* (as noted by the court) "was not curable." *Id.* Here, there was really no "skin of the back" of Appellee. Young was subject to a non-waivable federal time period.

This Court should not follow the law from Dallas in *Deep Nines* as the case is distinguishable, and Appellee's positions shifts, and poorly represents, the underlying reasoning that explains law of this Court; neither should this Court follow federal bankruptcy court as *In re Escarent* is not analogous. This Court should reverse this case and remand for trial.

**2.  This Court should not permit the contingency under the settlement agreement (forced sale) to proceed when the failure of payment, the condition precedent to pursuing the remaining claims, was caused by Appellee's unclean hands.**

As stated in Appellant's opening brief, Appellee's unclean hands contributed to the lack of payoff balance that caused a delay in financing. *See* Br. Ap'nt at 9-11. Now, Appellee wants this Court to give it judgment based on the settlement agreement, ignoring that its own inequitable conduct contributed to the breach.

The forced judicial foreclosure follows ¶ 1.2.2 of the settlement. This provision would never have come to play had Appellee provided a payoff amount to permit a 3-day extension required by federal law. Now Appellee wants to reap a windfall.

"The clean hands doctrine requires that one who seeks equity, does equity.

Equitable relief is not warranted when the plaintiff has engaged in unlawful or inequitable conduct with regard to the issue in dispute." *In re Francis*, 186 S.W.3d 534, 551 (Tex. 2006). Equity favors Young. Had Appellee cooperated, this suit would have been over last year.

Further, the contingent "not releasing their claims" asserted in the agreement is merely a condition subsequent to the condition precedent of Young not being able to pay on August 1, 2014. This condition precedent would never have happened if Appellee had cooperated.

> A condition precedent is an event which must happen or be performed before a right can accrue to enforce an obligation. *Centex Corp. v. Dalton*, 840 S.W.2d 952, 956 (Tex. 1992). It is an event, the occurrence of which renders the obligation enforceable. *Pearcy v. Environmental Conservancy of Austin and Cent. Texas, Inc.*, 814 S.W.2d 243, 245 (Tex. App.—Austin 1991, writ denied).

*Shaw v. Kennedy, Ltd.*, 879 S.W.2d 240, 246 (Tex. App.—Amarillo 1994).

Here, with time not being of the essence, Appellee gets to contribute to the condition precedent (Young's inability to pay) and then reap the consequence: a windfall property. That should not be permitted.

**3. Homesteads are strongly protected in Texas; he should not lose his homestead on a technicality by Appellee's failure to do a further act contemplated by the agreement.**

Appellee seems to project the provision of "Further Acts" in the agreement as if Young was asking it to reinvent the wheel. July 29, 2014, was a Tuesday.

Young simply requested a renewed payoff and extension due to a non-waivable federal requirement. There were four business days in which to get a new payoff amount before Friday, August 1, 2014. This was not a difficult request at all.

And to rule in favor of Appellee ignores the deep historical protection of homesteads in Texas. Historically, Texas strictly and heavily protected debtors, especially their homesteads. *See generally James W. Paulsen*, "Introduction: The Texas Home Equity Controversy in Context," 26 ST. Mary's L.J. 307 (1995). This is unique to Texas in many ways. *Id.; see also LaSalle Bank Nat'l Ass'n v. White*, 246 S.W.3d 616, 618 (Tex. 2007) (per curiam)  Early immigrants used to flee to Texas to avoid harsh debtor laws for these protections, writing "G.T.T." (**G**one **T**o **T**exas) on their doors. *See, e.g.*, Art. § 51; Decree no. 70 (1829) (State of Coahuila and Texas), reprinted in 1 Early Laws of Texas, at 77-78 (St. Louis, The Gilbert Book Co. 1891) (protecting debtors' homes in Texas from any debts acquired prior to purchase of the land); Margaret Swett Henson, *Samuel May Williams: Early Texas Entrepreneur* 3 (1976) (describing early flight of immigrants in the Panic of 1819, who often scrawled "G.T.T."—Gone to Texas—on their door before they left); *see also Fin. Comm'n of Tex. v. Norwood*, 418 S.W.3d 566, 570-71 (Tex. 2013) (discussing the debtor protective context of Texas home lien laws).

Here, Appellee wants this Court to ignore the burden of proof that is strictly construed against Appellee and find no factual issue exists when this Court's history relegates that decision to a trier of fact. The evidence below must be considered by

the Court in the light most favorable to Young, not Appellee. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). Further, the Court must indulge every reasonable inference and resolve any doubts in favor of the Young. *20801, Inc. v. Parker*, 249 S.W.3d 392, 399 (Tex. 2008).

Appellee wants this standard ignored, and for good reason. It should lose on summary judgment. This Court may not like the fact Appellant, Young, is a homeowner who defaulted. The law requires this Court follow the standard of review. This Court should reverse this case and remand for trial.

## CONCLUSION

For the foregoing reasons, Appellant asks the Court to:

> ➤ Reverse this case and remand for trial;

> ➤ Award Young any and all relief to which he is entitled in law or equity.

Respectfully submitted,

/s/ Stephen Casey
Stephen Casey
Texas Bar No. 24065015

595 Round Rock West Drive, Suite 102
Round Rock, Texas 78681
Telephone: 512-257-1324
Fax: 512-853-4098
info@caseylawoffice.us

## CERTIFICATE OF COMPLIANCE

The preceding brief contains 1,786 words within the sections identified under Tex. R. App. P. 9.4, typed upon Microsoft Word for Mac 2011, Baskerville 14 point font.

/s/ Stephen Casey
Stephen Casey

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing brief has been served on all parties to the trial court judgment on Monday, October 19, 2015, efile and/or facsimile transmission:

Marcie L. Schout
Quilling, Selander, Lownds,
Winslett, & Moser, P.C.
2001 Bryan Street, Suite 1800
Dallas, TX 75201
mschout@qslwm.com

/s/ Stephen Casey
Stephen Casey